**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sun City Pet Market, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>The Honest Kitchen, Inc., a Delaware corporation,<br><br>    Defendant. | No. CV17-00121-PHX DGC<br><br>**ORDER** |

Defendant removed this case from state court. Doc. 1. Plaintiff filed a motion to remand under 28 U.S.C. §1441(b). Doc. 8. The motion is fully briefed, and neither party has requested oral argument. For the reasons set forth below, the Court will deny the motion to remand.

**I.     Background.**

Plaintiff Sun City Pet Market, LLC is an Arizona limited liability company with its principal place of business in Arizona. Doc. 1-2 ¶ 1. Defendant The Honest Kitchen, Inc. is a Delaware corporation registered to do business in Arizona. *Id.*, ¶ 2. On November 22, 2016, Plaintiff filed its complaint in Arizona state court (Doc. 8 at 1) and mailed Defendant a verified copy with a demand letter (Doc. 18 at 4; Doc. 9). Plaintiff asserts that Defendant waived formal service, but does not cite to the record. Doc. 18 at 4. Defendant denies that it waived formal service. Doc. 8 at 2; Doc. 19 at 2-3. Plaintiff

served Defendant with the summons and complaint on December 13, 2016. Doc. 1-2 at 20. Defendant filed a notice of removal on January 13, 2017. Doc. 1.

**II. Analysis.**

Plaintiff argues that remand is proper because Defendant's notice of removal was untimely and procedurally defective. The Court disagrees.

**A. Defendant's notice of removal was not untimely.**

Generally, a defendant must file a notice of removal within 30 days of being served with a summons and complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 355 (1999). The 30-day requirement "is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.*

Plaintiff served Defendant with the summons and complaint on December 13, 2016. Doc. 1-2 at 20. If a basis for removal was evident in Plaintiff's complaint, then the 30-day removal period would have ended on January 12, 2017, the day before Defendant filed its notice of removal. Doc. 1. But Defendant argues that the time for removal did not begin to run when it was served because Plaintiff's citizenship was not apparent from the complaint. Doc. 18 at 2. Defendant argues that the time for removal still has not run because Defendant discovered the basis for removal through its own investigation and not from any additional information from Plaintiff. *Id.* The Court agrees.

**1. Plaintiff's citizenship was not evident from its complaint.**

Plaintiff's complaint states that it is an Arizona limited liability company with its principal place of business in Arizona. Doc. 1-2 at 4. An LLC is a citizen where its

- 2 -

owners and members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). Plaintiff's complaint does not state how many owners or members it has, or their states of citizenship. Doc. 1-2. Without those facts, Plaintiff's citizenship was not evident from the complaint and the 30-day removal period was not triggered.

Plaintiff argues that it had a conversation with Defendant on December 7, 2016, and that Defendant was or could have been aware of a basis for removal on that date. Doc. 8 at 4; Doc. 19 at 2. But this alleged conversation occurred before Plaintiff served Defendant with the summons and complaint, so the removal period could not have begun on that date. *See Murphy*, 526 U.S. at 355. Nor did it begin on the date of service because the complaint did not disclose a basis for removal.

The Ninth Circuit has rejected Plaintiff's argument that Defendant was required to conduct an inquiry into removability. *Harris*, 425 F.3d at 698. Defendant had no duty to investigate Plaintiff's citizenship, and did not receive "an amended pleading, motion, order or other paper" that revealed a basis for removal. *See id.* at 694. Thus, the 30-day removal period was not triggered by the December 7 conversation or by service of the summons and complaint. Although it is true that Defendant did conduct its own investigation into Plaintiff's citizenship and removed on that basis, this fact does not alter the running of the 30-day deadline. A defendant may file a notice of removal based on its own conclusions from investigation. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Plaintiff does not dispute that Defendant is a citizen of Delaware and California. Doc. 1 at 2; Docs. 8, 19. Nor does Plaintiff dispute that it has two members who are Arizona citizens and that it is a citizen of Arizona. Doc. 18 at 2. Instead, Plaintiff argues that Defendant "offers no evidence to supports its presumption" regarding Plaintiff's citizenship, and that this "remains an issue for the Court to determine[.]" Doc. 19 at 4. But Defendant has timely alleged a basis for removal that Plaintiff does not dispute, and Plaintiff cannot "prevent or delay removal by failing to reveal information showing

removability and then objecting to removal when the defendant has discovered that information on its own." *Roth*, 720 F.3d at 1125.

### 2. The amount in controversy is satisfied.

Plaintiff does not expressly dispute that the amount-in-controversy requirement is met, but seems to argue that Defendant is improperly calculating Plaintiff's damages. Doc. 19 at 4-5. Plaintiff seeks both specific performance of an order for goods worth $90,653.09 (Doc. 1-2 at 6 ¶ 16) and recovery of "the market price at the time of repudiation, less the contract price and any expenses saved, plus any incidental or consequential damages" *(id.*, ¶¶ 26-28). Plaintiff also seeks punitive damages, interest on that sum "at the highest rate allowable by law," and its costs and attorneys' fees. *Id.* at 8. The amount-in-controversy – the cost of performing the contract, the market price at the time of the breach, interest, damages, and attorneys' fees – exceeds $75,000.

**B.   Defendant's notice of removal was not procedurally defective.**

Plaintiff argues that Defendant's notice of removal was procedurally defective because Defendant did not provide the Arizona state court "with notice of its representation in this matter." Doc. 8 at 4. But Plaintiff provides no evidence that Defendant failed to comply with § 1446(d), and cites no authority for the proposition that failure to comply with state notice-of-appearance rules can defeat removal under federal law. Doc. 8 at 3-5.

Plaintiff argues that it should not be deprived of its choice of forum. Although it is true that there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), a defendant may invoke federal jurisdiction when removal is proper under § 1441 and the defendant complies with the procedures of § 1446, as Defendant has here.

Finally, Plaintiff argues that removal is improper because the outcome of this case "would be substantially the same" in state court, litigating in state court will not be "oppressive or vexatious" for Defendant, and Defendant's "end goal" is to transfer the

case to California. Doc. 8 at 6. Plaintiff cites no authority to suggest that any of these considerations makes removal improper.

**IT IS ORDERED** that Plaintiff's motion for remand (Doc. 8) is **denied.** The parties' requests for attorneys' fees are denied.

Dated this 2nd day of March, 2017.

_____
David G. Campbell
United States District Judge