WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sun City Pet Market LLC,<br><br>Plaintiff,<br><br>v.<br><br>Honest Kitchen Incorporated,<br><br>Defendant. | No. CV-17-00121-PHX-DGC<br><br>**ORDER** |

Plaintiff Sun City Pet Market, LLC filed a complaint against Defendant Honest Kitchen, Inc. seeking monetary relief for an alleged breach of contract and the implied covenant of good faith and fair dealing. Doc. 1-2. Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 21. The motion is fully briefed (Docs. 21, 24, 28), and the Court concludes that oral argument is not necessary. For the reasons that follow, the Court will grant Defendant's motion to dismiss with leave to amend.

**I.  Background.**

Plaintiff is an Arizona company with its principal place of business in Arizona. Doc. 1-2, ¶ 1. Defendant is a Delaware corporation registered to do business in Arizona. *Id.*, ¶¶ 2-3. Plaintiff's complaint was originally filed in Arizona state court (Doc. 1-2), but was removed to this Court by Defendant on January 13, 2017 (Doc. 1).

According to Plaintiff's complaint, Defendant is a family-owned business that makes healthy pet food and was a vendor at the Animal Supply Company West Area

Buying Show ("Buying Show") held in Los Angeles, CA from May 22 to May 23, 2016. Doc. 1-2, ¶¶ 10-11.[1] Plaintiff is a family-owned company that primarily sells dog and cat food. *Id.*, ¶ 9. One of its agents attended the Buying Show and visited Defendant's booth. *Id.*, ¶¶ 12, 15. Plaintiff placed an order for $90,653.09 worth of goods (the "Order"). *Id.*, ¶ 16. Plaintiff placed a second order for $62.69 which was filled by Animal Supply Company ("ASC") on behalf of Defendant. *Id.*, ¶ 17. The parties engaged in correspondence after the Order, but Defendant did not ship the goods listed in the Order. *Id.*, ¶¶ 20-21.

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis.

Plaintiff contends that the "Order was submitted in acceptance [of] the terms offered by [Defendant] and within the time constraints required by [Defendant]" and that a "valid and enforceable contract was formed between [the parties]." Doc. 1-2, ¶¶ 18-19. Defendant contends that (1) Plaintiff has failed to plead facts sufficient to establish the

---

[1]The Court takes Plaintiff's allegations as true at this stage of the litigation. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

- 2 -

essential elements of contract formation; (2) Plaintiff's claim is barred by the statute of frauds; and (3) even if not barred, any contract would be between Plaintiff and ACS rather than Defendant. Doc. 21 at 4-6. Additionally, Defendant argues that Plaintiff has not asserted facts that could support a claim for breach of the implied covenant of good faith and fair dealing. *Id.* at 6-7.

### A. Choice of Law.

Plaintiff bases its claims on Arizona law. Doc. 1-2. Defendant argues that California has a more significant relationship than Arizona to the alleged transaction and the parties, and that California law should apply to this dispute. Doc. 21 at 3.[2] Regardless, Defendant argues, Plaintiff's claims would fail under both California and Arizona law. *Id.* at 1. Plaintiff contends that Arizona law applies as the goods at issue were to be delivered in Arizona. Doc. 24 at 5-6. Like Defendant, Plaintiff appears to argue that the result would be the same under the law of either state because both "Arizona and California have adopted the Uniform Commercial Code ("UCC"), enacting nearly identical statutes governing commercial transaction" and resulting in no "conflict of law" in this case. *Id.* at 7. Because the Court concludes that Plaintiff's claims fail under Arizona law and the parties appear to agree that there are no material differences between the relevant laws of the two states, the Court need not decide which law applies.

### B. Contract Formation.

Defendant argues that Plaintiff's complaint "fails to plead factual content sufficient to find that an agreement was reached between the parties[.]" Doc. 21 at 4. Specifically, Plaintiff does not provide facts supporting "the essential elements of contract formation – namely, offer, acceptance, or consideration." *Id.*

To prevail on a breach of contract claim, Plaintiff "must prove the existence of a contract, a breach of that contract, and resulting damages." *Aubuchon v. Maricopa Cty.*, No. CV-14-01706-PHX-SPL, 2016 WL 7130942, at *4 (D. Ariz. Feb. 29, 2016) (citing

---

[2] Defendant further contends that Plaintiff's failure to seek remedies under California law "is alone a basis to dismiss this action in its entirety." Doc. 21 at 3. Defendant cites no authority for this proposition.

*Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975)); *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013). If no valid contract exists, there can be no breach. "It is elementary that for an enforceable contract to exist there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co. v. Homes & Son Const. Co.*, 542 P.2d 817, 819 (Ariz. 1975); *Regal Homes, Inc. v. CNA Ins.*, 171 P.3d 610, 617 (Ariz. Ct. App. 2007). "The burden is upon the plaintiff to prove all the essential elements of a valid contract." *Malcoff v. Coyier*, 484 P.2d 1053, 1055 (Ariz. Ct. App. 1971); *Aubuchon*, 2016 WL 7130942, at *5.

Plaintiff's complaint does not allege when the contract was formed or the terms of the contract. It appears to allege that Defendant's "Buying Show Specials" attached as Exhibit A to the complaint constitute an offer, while Defendant's Order, attached as Exhibit B, constitutes an acceptance. Doc. 1-2. The complaint does not assert that the contract was formed orally, but contends that correspondence between the parties supports the validity of the contract. Doc. 1-2, ¶ 20; Doc. 24 at 8. In its response to Plaintiff's motion to dismiss, Plaintiff adds that it was not required to produce any writings evidencing a contract, but merely to provide a short and plain statement of the claims, showing it is entitled to relief. Doc. 24 at 8.

"An offer is '. . . a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 677 P.2d 1317, 1320 (Ariz. Ct. App. 1983) (quoting Restatement (Second) of Contracts § 24); *Ballesteros v. Am. Standard Ins. Co. of Wisconsin*, 248 P.3d 193, 196 (Ariz. 2011) (to determine whether a contract has been formed, a court asks "whether a reasonable person would understand that an offer has been made and that, upon acceptance, the offeror would be bound"). "An offer cannot be accepted so as to form a contract unless there is sufficient specification of terms so that the obligations involved can be ascertained." *Id.*

The "Buying Show Specials" attached as Exhibit A to Plaintiff's complaint contains a list of various products and their prices, as well as several promotional discounts. Doc. 1-2 at 12-14 (Exhibit A). This form instructs interested buyers to submit orders at the Buying Show or electronically by a specified date. *Id.* The form also contains the disclaimer that "[i]tems and prices may vary by area." *Id.* Additionally, the form does not identify who may purchase the listed products, except to state that only those who attend the Buying Show are eligible for the listed promotions. *Id.*

Advertisements, catalogues, price lists and circulars are "not ordinarily intended or understood as offers to sell . . . even though the terms of suggested bargains may be stated in some detail." Restatement (Second) of Contracts § 26 cmt. b (1981). Instead, they are generally considered to be invitations to the public to make an offer. *Id.* This rule seems especially appropriate in a case such as this where the party providing the price list or advertisement explicitly states that items and prices may vary. Such a statement shows an intent to withhold assent to an agreement and to indicate that terms are yet to be determined. The Buying Show Specials form does not contain "sufficient specification of terms so that the obligations involved can be ascertained." *K-Line Builders*, 677 P.2d at 1320. As a result, the form was not an offer that Plaintiff could accept.

Plaintiff attaches as Exhibit B to its complaint a spreadsheet apparently detailing quantities and prices of specific products to be ordered from Defendant, as well as dates of shipment. Doc. 1-2 at 16 (Exhibit B). The spreadsheet does not name either of the parties or contain any signatures. Even assuming the spreadsheet was delivered to Defendant – a fact not alleged by Plaintiff – it may, without more, be considered an offer to contract according to the terms included. Plaintiff does not allege that Defendant accepted this offer. It alleges no oral agreement or subsequent written acceptance, except to state that "[c]orrespondence among [ASC, Plaintiff, and Defendant] supports the validity of the Contract." *Id.*, ¶ 20.

Such an allegation is "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. The Supreme Court has made clear that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff contends in its response that "[w]hether there are other writings . . . and the customary policies and procedures of the parties are the sort of questions that are well-suited for discovery." Doc. 24 at 4. But discovery will not be available to a party "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Rather, to survive a motion to dismiss and access discovery, Plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff has failed to do so.

Plaintiff cites A.R.S. § 47-2204 for the proposition that "[a]n agreement sufficient to constitute a contract for the sale of goods may be found even if the moment of its making is undetermined and even if [] one or more terms are left open, so long as the court can infer from the facts alleged that the parties intended to form an agreement." Doc. 24 at 8. Section 47-2204 states:

> A. A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract.
>
> B. An agreement sufficient to constitute a contract for sale may be found even though the moment of its making is undetermined.
>
> C. Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy.

But Plaintiff pleads no facts regarding the conduct of the parties that would suggest the existence of a contract. Nor does it provide any facts suggesting that Defendant demonstrated an intent to form a contract. Plaintiff cites to Exhibit C – a customer copy of an invoice from ASC identifying amounts billed and items shipped to Plaintiff – and contends that Plaintiff previously placed an order with ACS for $62.69 worth of goods,

which was filled by ACS on behalf of Defendant. Doc. 1-2, ¶ 17; Doc. 1-2 at 18 (Exhibit C). This does not support the existence of a contract between Plaintiff and Defendant, let alone a contract specifically concerning the $90,653.09 worth of goods identified in Plaintiff's complaint.

### C. Statute of Frauds.

Defendant also raises the Statute of Frauds as an affirmative defense. Doc. 21 at 4. The Arizona statute of frauds provides:

> a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in such writing.

A.R.S. § 47-2201(A). Because the parties concede that they are both merchants (Doc. 21 at 5 n.3; Doc. 24 at 12), the statute of frauds may also be satisfied "if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents . . . unless written notice of objection to its contents is given within ten days after it is received" (A.R.S. § 47-2201(B)). Because the Court has determined that Plaintiff has not pleaded sufficient facts to support the plausible existence of a contract, it need not address Defendant's argument under the statute of frauds.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing.

"Arizona law implies a covenant of good faith and fair dealing in every contract." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 28 (Ariz. 2002). "The implied covenant of good faith and fair dealing prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement." *Id.* Because the Court finds that Plaintiff has not pleaded sufficient factual allegations to suggest the plausible

existence of a contract, Plaintiff has necessarily failed to plead the essential elements of a cause of action for breach of the implied covenant of good faith and fair dealing. The Court notes, however, that "[w]hen a plaintiff merely alleges breach of an express term in a contract, a claim for breach of the covenant is not proper." *First Fin. Bank, N.A. v. Claassen*, No. CV11-1728-PHX DGC, 2011 WL 5865013, at *2 (D. Ariz. Nov. 22, 2011) (quotation marks and citation omitted, alterations incorporated); *accord. Aspect Sys., Inc. v. Lam Research Corp.*, No. 06-1620-PHX-NVW, 2006 WL 2683642, at *3 (D. Ariz. Sept. 16, 2006).

Thus, even if Plaintiff had sufficiently alleged the existence of a contract, it would need to assert more than breach of an express term of the contract – in this case, failure to deliver goods. Rather, Plaintiff would need to allege that Plaintiff either "exercise[ed] express discretion in a way inconsistent with a party's reasonable expectations [or acted] in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. Ct. App. 2002).

Plaintiff alleges that Defendant "did not act fairly, honestly, or in good faith toward" Plaintiff when Defendant "failed to deliver the Goods, [and thus] prevented [Plaintiff] from reaping the benefits that naturally flow from the Contract . . . and receiving the full benefits of the Contract." Doc. 1-2, ¶¶ 32-33. Specifically, Plaintiff argues that Defendant's failure to deliver the goods prevented Plaintiff "from being able to attract the type of customers that seek to purchase healthy pet food from minimally processed, human grade ingredients and from being able to use [Defendant's] goods to market and sell other unique products created from quality ingredients." Doc. 24 at 10. This is merely an assertion of a breach of the express terms of the alleged contract, thus it is "duplicative of Plaintiff's breach of contract claim." *Ireland Miller, Inc. v. Shee Atika Holdings Phoenix, LLC*, No. CV-10-00354-PHX-ROS, 2010 WL 2743653, at *2 (D. Ariz. July 12, 2010).

### E. Estoppel.

Plaintiff's response asserts claims for equitable and promissory estoppel. Doc. 24 at 13-14. Because Defendant addresses these claims, the Court will too.

"Equitable estoppel involves, generally speaking, an affirmative misrepresentation of a present fact or state of facts and detrimental reliance by another thereon." *Tiffany Inc. v. W. M. K. Transit Mix, Inc.*, 493 P.2d 1220, 1224 (Ariz. Ct. App. 1972) (citing *Trollope v. Koerner*, 470 P.2d 91 (Ariz. 1970)). "Promissory estoppel, on the other hand, generally does not involve a misrepresentation but a promise by one party upon which another relies to his detriment and which the promisor should reasonably have foreseen would cause the promisee to so rely." *Id.* "[T]he major distinction between equitable estoppel and promissory estoppel is that equitable estoppel is available only as a defense, while promissory estoppel can be used as a cause of action for damages." *Id.*

Because equitable estoppel is a defense, it cannot provide the basis for Plaintiff's claim against Defendant. What is more, Plaintiff has not asserted that Defendant made a misrepresentation about a present fact or state of facts, but simply that Plaintiff promised to honor its cash back offer and ship the goods at issue to Plaintiff by the dates specified. Doc. 24 at 14. Because "the promises attributed to Defendant all relate to future acts . . . equitable estoppel is not applicable." *Arnold & Assocs., Inc. v. Misys Healthcare Sys., a div. of Misys, PLC*, 275 F. Supp. 2d 1013, 1023 (D. Ariz. 2003).

Plaintiff contends that promissory estoppel may be used to prevent Defendant from asserting the statute of frauds as a defense to a breach of contract claim "when there has been (1) a misrepresentation that the Statute's requirements have been complied with, or (2) a promise to make a memorandum." Doc. 24 at 14 (quoting *Tiffany Inc.*, 493 P.2d at 1226). Plaintiff has not alleged any facts suggesting the existence of a promise or misrepresentation concerning compliance with the statute of frauds.

### F. Leave to Amend.

Plaintiff seeks leave to amend. Defendant contends that amendment would be futile, but the Court is less certain. "Dismissal with prejudice and without leave to amend

- 9 -

is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff may file an amended complaint by June 16, 2017.

**IT IS ORDERED**:

1. Defendant's motion to dismiss (Doc. 21) is **granted.**

2. Plaintiff may file an amended complaint by **June 16, 2017**. The Clerk is directed to terminate this case without further order if an amended complaint is not filed by that date.

3. The Case Management Conference set for May 25, 2017, is rescheduled to **June 29, 2017, at 4:00 p.m.**

**Dated this 23rd day of May, 2017.**

_____
David G. Campbell
United States District Judge